UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case Number 07-20513
                                           Honorable David M. Lawson

v.

BRYAN ROSS,

        Defendant.
_____/

## OPINION AND ORDER AFTER REMAND REGARDING COMPETENCY HEARING

This case came before the Court for an evidentiary hearing after remand by the United States Court of Appeals for the Sixth Circuit. Defendant Bryan Ross was convicted by a jury of several counts of conspiracy and uttering forged securities in connection with his scheme to steal automobiles. Before trial, Ross filed a motion to represent himself, which the Court granted. S. Alan Early (and later others) was appointed as standby counsel. Thereafter, the government filed multiple motions to determine Ross's competence to stand trial. The Court eventually granted the motion and referred Ross for a psychological examination under 18 U.S.C. § 4241(b), which was completed by Dr. William Nixon, a fully licensed psychologist. The Court held a competency hearing after receiving Dr. Nixon's report, which concluded that the defendant was competent to stand trial. Ross was represented at that hearing by Mr. Early in his nominal role as standby counsel.

On appeal, Ross argued that he was denied the assistance of counsel at the competency hearing in violation of the Sixth Amendment because his attorney served in a standby capacity. The court of appeals observed Congress's mandate that a defendant at a competency hearing "'*shall* be represented by counsel.'" *United States v. Ross*, 703 F.3d 856, 868 (6th Cir. 2012) (quoting 18

U.S.C. § 4247(d)) (emphasis by the court). However, the court acknowledged that in some circumstances, representation by standby counsel at a competency hearing could satisfy the Sixth Amendment. *Id.* at 872 (noting that "the Eighth Circuit held that a defendant's right to counsel was not violated when he was represented by standby counsel at a competency hearing" (citing *Wise v. Bowersox*, 136 F.3d 1197, 1203 (8th Cir. 1998))). The court held that standby counsel's performance satisfies the Sixth Amendment if he subjects the disputed issue to "meaningful adversarial testing." *Ibid.* (citing *United States v. Cronic*, 466 U.S. 648, 656-57 (1984)). However, the court believed that the record was insufficient to allow it to determine whether Mr. Early's performance met that standard. *Id.* at 874. Therefore, the court remanded the matter to this Court to hold an evidentiary hearing on that question. *Ibid.*

The Court held a hearing on August 27, 2013, at which Mr. Early testified as the only witness. Defendant Ross was represented by counsel. The Court received exhibits that corroborated Mr. Early's testimony. At the conclusion of the hearing, the Court made its findings on the record.

Based on the evidence received at the hearing, and for the reasons stated on the record, the Court finds that attorney Early (1) conducted a thorough investigation into Ross's competency; (2) contacted Dr. Nixon and read and analyzed his report; (3) prepared for the competency hearing; (4) viewed his role as full-time counsel at the competency hearing, even though he had been designated by that time as standby counsel; (5) retained control over the strategic decisions concerning the competency hearing, and exercised his independent judgment accordingly; (6) chose not to contest Ross's competence based on Mr. Early's own strategic decision; (7) never entertained the belief that he had no obligation to contest competence over Ross's instructions; and (8) provided Ross with meaningful, competent, and appropriate representation.

The court of appeals directed that "[i]f [this] court determines that the *Cronic* standard was satisfied, Ross was not unconstitutionally deprived of counsel and his conviction is affirmed." *Ibid.* This Court finds that Mr. Early functioned as Ross's counsel at the competency hearing, subjected the disputed issue to meaningful adversarial testing, and furnished constitutionally adequate representation. Ross was not denied counsel at the competency hearing. Based on that finding, the court of appeals, presumable, would affirm his convictions.

It is so **ORDERED**.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: September 6, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2013.

                              s/Shawntel Jackson
                              SHAWNTEL JACKSON